F. R. KNOTT v. N. H. WHITFIELD.

*Evidence—Payment—Burden of Proof—Contract.*

The defendant being indebted to the plaintiff gave an order on M for the amount. The plaintiff swore that he received the order with the understanding that it should be credited only in the event it was paid, while the defendant testified that he did not remember any such understanding. The plaintiff sent the order by another person to M with instructions to bring it back if it was not paid. M accepted it, but refused to return it, saying the plaintiff was indebted to him ; *Held :*

1. There was some evidence to go to the jury that the plaintiff accepted the order as a payment.

2. That it was the duty of the plaintiff to properly present the order and if then payment was refused he might look to the drawer.

3. That whether M's conduct was justifiable was a question between him and the plaintiff, and could not affect the defendant.

4. That under the circumstances of this case it was not error to instruct the jury that the burden was on the plaintiff to make out his case by a preponderance of the evidence.

This was a CIVIL ACTION, originally commenced in GRAN-VILLE County, before a Justice of the Peace and carried by appeal to the Superior Court, where it was tried before *Philips, J.,* at May Term, 1887.

There was judgment for the defendant, from which the plaintiff appealed.

The facts are stated in the opinion.

*Mr. Robert W. Winston* filed a brief for the plaintiff.

No counsel for the defendant.

DAVIS, J. The plaintiff alleged that the defendant was indebted to him in the sum of twenty-three dollars as a balance due on a bond for $95, secured by a mortgage.

The defendant claimed a credit of $22.50, alleged to have been paid in an order on McGuire & Bryan for that amount which was accepted by the plaintiff.

There was evidence on the part of the plaintiff tending to show that the defendant gave the plaintiff the order, but that it was received with the understanding that if paid by McGuire & Bryan it would be credited on defendant's bond; that the plaintiff sent the order to McGuire by a boy, with instructions to bring it back if not paid, and that the boy handed the order to McGuire, who refused to give it back, saying that " Knott owed him and he was going to hold the order."

There was evidence on the part of the defendant tending to show that he gave the order for $22.50 to the plaintiff in payment of the bond, and the plaintiff took it and went off with it; that the order was sent to McGuire by a boy, and that McGuire accepted it and put it in his pocket, and sent a message by the boy to the plaintiff that he would settle with him that evening or pay it; that plaintiff went to McGuire for a settlement, when a controversy arose between them as to the state of their accounts, and upon disagreement plaintiff refused to settle with McGuire, and said that he would warrant the defendant on his bond. Plaintiff did not tell McGuire to credit the amount on his (plaintiff's) account, as testified to by McGuire, " after crediting his account by the order he still owed him" (McGuire). As testified to by the plaintiff, upon a settlement McGuire would be indebted to him.

The following issues were submitted to the jury:

" Is the defendant indebted to the plaintiff? and if so, in what sum ?"

The answer was, " Fifty cents and interest."

1. Upon the trial " the plaintiff asked the Court to charge the jury that there was no evidence to go to them that Knott had accepted the Whitfield order on McGuire & Bryan as

money, or that he agreed to credit the $95 bond by said ·order." This was declined, and plaintiff excepted.

There was some evidence. The defendant gave the plaintiff the order. He says, as stated in the case on appeal, " he ·(plaintiff) came for money, and I gave him the order." He says that it was in payment, and it was clearly the duty of the plaintiff either to have refused to accept the order, or, if accepted conditionally by him, to have presented it for payment, and if payment was refused to have returned it to the defendant. The evidence was conflicting, and the instruction was properly refused.

2. The Court was asked to charge " that in any aspect of the case the plaintiff must recover $23· and interest." This was declined, and the plaintiff excepted.

The plaintiff only alleged a balance of $23 to be due.

The action is for a balance due on the bond, and if the or-·der was accepted in payment of that balance the plaintiff should have presented it properly for payment, and if protested or payment was refused, he could have then looked to the defendant for payment.

3. The Court was asked to charge " that if McGuire came by the order wrongfully, he could not use it without Knott's authority." This was declined, and plaintiff excepted.

After the order was delivered by the defendant to the plaintiff and accepted by him, it passed out of the control of the defendant, and if, without any fault of his, a controversy arose between the plaintiff and McGuire as to the ownership of the order, we are unable to see how the defendant could be affected by it, or why he should be involved in the controversy between them. If McGuire had wrongfully gotten possession of the order, the plaintiff should have sought redress against him.

It was not the defendant's duty, nor do we see how it was in his power, to remedy the wrong. Could he charge that it was wrongfully in the possession of McGuire? Or upon

settlement, could he resist it as an item placed to his debit in his account with McGuire?

4. "Among other things the Judge charged that in all civil cases the plaintiff must make out his case by a preponderance of the evidence." To this the plaintiff excepted and asked his Honor to charge that in this case the defendant must establish his contention by a preponderance of the evidence. This was denied. His Honor recited the evidence and charged " if the order was given by Whitfield and accepted by Knott with the understanding that it should be credited on the bond and after acceptance it was ratified by Knott, then Whitfield was entitled to it as a credit; if not, he was not." Plaintiff excepted.

Undoubtedly the burden of proving an affirmative defence is on the party who makes it. This, as was truly said by counsel for the plaintiff, " is common learning," and needs no citation of authority, but as applicable to this case we can see no just ground of exception on the part of the plaintiff, either to the refusal to charge as requested or to the charge as given. It is not denied that the plaintiff received from the defendant the order for $22.50, whether as a payment as the defendant says, or conditionally as the plaintiff says, and it rested upon him to account for it.

The testimony of McGuire tends to show that there was no question about the order until after he and the plaintiff had entered upon a settlement " when he (the plaintiff) found that after crediting his account by the order he still owed " him (McGuire) and the exceptions that "there was no evidence to go to the jury to support the charge of his Honor" cannot be sustained.

No error.